**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TIMOTHY WILLIAMS**

    **Petitioner,**

**v.**     Case No. 8:07-CV-996-T-30MAP

                                      Crim. Case No. 8:04-cr-367-T-30MAP

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #13) filed on September 12, 2007, the Government's Response (CV Dkt. #15), and Petitioner's Reply (CV Dkt. #18). The Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears that Petitioner is entitled to no relief.

### Timeliness

Respondent claims that Petitioner failed to timely file the current § 2255 motion (CV Dkt. #13). Respondent is of course correct that, because Petitioner's conviction became final on August 24, 2006, he originally had until August 24, 2007, to file his § 2255 motion. But on August 21, 2007, the Court granted Petitioner's motion to withdraw his original § 2255 motion and allowed him until September 26, 2007, to file a new motion (CV Dkt. #10). Before that period elapsed, the Court further extended Petitioner's time to file to November

26, 2007 (CV Dkt. #12). Because Petitioner filed the current motion on September 12, 2007 (CV Dkt. #13), the Court treats Petitioner's motion as timely filed.

## Background

Petitioner, Timothy Williams (hereinafter referred to as "Reynolds" or "Petitioner"), has filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Petitioner plead guilty without a plea agreement on December 7, 2004, to one count of conspiracy to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One); and one count of possession of a firearm in the furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924©) (Count Two). On May 20, 2005, the Court sentenced Petitioner to 248 months imprisonment to be followed by 60 months of supervised release. Judgment was entered and Petitioner appealed to the Eleventh Circuit Court of Appeals.

Petitioner raises two grounds (each consisting of multiple contentions) in support of his motion to vacate, to wit:

**GROUND ONE:**

**Whether Petitioner's conviction and sentence should be vacated due to his receiving ineffective assistance of counsel.** Specifically, Petitioner argues his trial counsel was ineffective for failing to:

(1) Challenge the sufficiency of the indictment even though it stated that Petitioner "knowingly and intentionally" participated in the crimes instead of "willfully," the term used in 21 U.S.C. §§ 846;

(2) Contest the Court's jurisdiction to impose the "career criminal" enhancer, in light of the Supreme Court's decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466

(2000), Blakely v. Washington, 542 U.S. 216 (2004), and United States v. Booker, 543 U.S. 220 (2005);

(3)     Argue that Petitioner was not a career criminal; and

(4)     Challenge the nexus claimed by Respondent between Petitioner's possession of firearms and drug trafficking, as required by 18 U.S.C. § 924(c))  (citing United States v. Suarez, 99-1594 (11th Cir. 2002)).

**GROUND TWO:**

**Whether Petitioner's conviction and sentence should be vacated due to alleged deficiencies of Petitioner's indictment.** Specifically, Petitioner argues the indictment was insufficient because it:

(1)     Stated that Petitioner "knowingly and intentionally" participated in the crimes instead of "willfully," the term used in 21 U.S.C. §§ 846; and

(2)     Failed to state with clarity and certainty the time period of Petitioner's conspiracy.

The United States Court of Appeals, Eleventh Circuit, previously addressed many of these contentions in Petitioner's direct appeal. See U.S. v. Williams, 181 Fed.Appx. 945 (2006).

## Discussion

### I.     Ineffective Assistance of Counsel

Petitioner advances four distinct contentions regarding ineffective assistance of counsel. To succeed on such a claim, Petitioner must show that (1) counsel's performance was deficient due to "errors so serious that counsel was not functioning as the 'counsel' guaranteed [Petitioner] by the Sixth Amendment"; and (2) the deficient performance prejudiced Petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). Here, however,

the Eleventh Circuit Court of Appeals has already ruled that the underlying basis of three of Petitioner's contentions were meritless.

On Williams' appeal, the Eleventh Circuit held (1) the indictment was sufficient even though it stated that Petitioner "knowingly and intentionally" participated in the crimes, (2) the Court had jurisdiction to impose the "career criminal" enhancement, and (3) there was a sufficient nexus between Petitioner's possession of firearms and drug trafficking. Williams contends his counsel was ineffective for failing to make these arguments at sentencing. Because the failure to advance a meritless claim neither demonstrates deficient performance nor prejudices Petitioner, the Court will deny Petitioner's motion as to these grounds. See generally Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995).

Petitioner also argues that trial counsel was ineffective for failing to argue that Petitioner was not a career criminal. Pursuant to USSG § 4B1.2(b), a court may only apply enhancements for career criminals if a defendant has at least two felony convictions of a violent crime or controlled substance offense. Williams questions whether his prior conviction for possession of cocaine with intent to *deliver* constituted a controlled substance offense, defined as:

> an offense . . . that prohibits the manufacture, import, export, *distribution*, or dispensing of a controlled substance . . . of the possession of a controlled substance . . . with the intent to manufacture, import, export, *distribute*, or dispense.

USSG § 4B1.2 (emphases added). Petitioner contends that, because USSG § 4B1.2(b) never mentions "delivery" (instead only discussing "distribution"), possession of cocaine with

intent to deliver does not fall within the statute. However, the definition of "distribute" is "to deliver." Black's Law Dictionary 509 (8th ed. 2004)[1]. And because this third hypothetical argument is also meritless, Petitioner's claim of ineffective assistance of counsel fails. See generally Coulter, 60 F.3d at 1504.

## II.     Insufficiency of Indictment

Petitioner claims that the indictment was insufficient because it (1) stated that Petitioner "knowingly and intentionally" participated in the crimes instead of "willfully"; and (2) failed to state with clarity and certainty the time period of Petitioner's conspiracy. However, a "defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." Wilson v. U.S., 962 F.2d 996, 997 (C.A.Ga 1992) (citing Bradbury v. Wainwright, 658 F.2d 1083, 1087 (C.A.Fla. 1981)). Petitioner plead guilty unconditionally on December 7, 2004, thereby waiving his right to challenge the sufficiency of the indictment on collateral attack.

Even if these arguments had not been waived, they would have failed. The Eleventh Circuit Court of Appeals has already ruled that the indictment was not deficient. Williams, 181 Fed.Appx. at 948 (Williams was "sufficiently apprise[d] ... of what he must be prepared to meet"). This ruling is the law of the case. Thus, the Court denies Petitioner's motion insofar as it challenges the sufficiency of the indictment.

---

[1] In its Response (CV Dkt. #15), Respondent cites Fla. Stat. § 893.02(5) (2005) in arguing that "distribute" means "to deliver."

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #13) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate the pending Motion to Vacate, Set Aside, or Correct Sentence (CR Dkt. #220) in the corresponding criminal case number 8:04-cr-367-T-30MAP.

**DONE** and **ORDERED** in Tampa, Florida on January 30, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2007\07-cv-996.deny 2255.wpd