# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:04-cr-367-T-30MAP

TIMOTHY WILLIAMS

## ORDER

THIS CAUSE comes before the Court on Defendant's Motion for Reconsideration (Doc. 274) of the Court's November 14, 2016 Order (Doc. 273). In the order, this Court concluded Defendant was not entitled to a sentence reduction because he was sentenced under the career offender guideline and not the drug quantity table. Defendant now argues for reconsideration because he claims he should not have been sentenced under the career offender guideline, based on *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).

Defendant's motion for reconsideration must be denied. Defendant argued on appeal that this Court erred when it sentenced him as a career offender, and the Eleventh Circuit rejected that argument. *United States v. Williams*, 181 F. App'x 945, 949–50 (11th Cir. 2006). That conclusion has become law of the case, and this Court has not been presented with any reason why the Eleventh Circuit's ruling should be disturbed. *United States v. Hall*, 628 F. App'x 681, 684 (11th Cir. 2015).[1]

---

[1] Even if the Court were to revisit Defendant's career offender sentence, *Hinkle* is inapposite. There, the Fifth Circuit found that the defendant was not a career offender because the statute under which he was sentenced was not a qualifying statute. 832 F.3d at 576. Defendant here has not made the same showing, nor is the argument proper for a motion for sentence reduction

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant's Motion for Reconsideration (Doc. 274) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of November, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

under 18 U.S.C. § 3582(c)(2). *United States v. Bell*, 652 F. App'x 741, 744 (11th Cir. 2016).

2